United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-30721

_____

In The Matter Of: BABCOCK & WILCOX CO.

Debtor

-----------------------------------------------------------

AMERICAN NUCLEAR INSURERS; MUTUAL ATOMIC
ENERGY LIABILITY UNDERWRITERS,

Appellants,

versus

BABCOCK & WILCOX CO.; ATLANTIC RICHFIELD CO.,

Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
01-CV-2751-R

Before DAVIS, CYNTHIA HOLCOMB HALL,* and EMILIO M. GARZA, Circuit Judges.

* Circuit Judge of the Ninth Circuit, sitting by designation.

PER CURIAM:[**]

This appeal arises out of a Chapter 11 bankruptcy proceeding initiated by the Babcock & Wilcox Company ("B&W") in the Eastern District of Louisiana. B&W is the named insured on four policies issued by American Nuclear Insurers and Mutual Atomic Energy Liability Underwriters (collectively, "ANI"). The insurance policies provide liability coverage as well as defense costs. ANI filed this interpleader action in the bankruptcy court, alleging that it faces competing claims to the proceeds of the insurance policies from B&W and Atlantic Richfield Company (ARCO), a non-debtor corporation that is also insured under the policies. ANI claims that it cannot distribute any of the proceeds of the insurance policies to either B&W or ARCO. ANI contends that the insurance proceeds are property of B&W's bankruptcy estate, and, as a result, ANI would violate the automatic stay in bankruptcy if it released the proceeds. *See* 11 U.S.C. § 362(a)(3). The bankruptcy court dismissed ANI's action for lack of subject matter jurisdiction, finding that the proceeds of the insurance policies were not property of B&W's bankruptcy estate. The district court affirmed on another ground, determining that ANI failed to file a proper interpleader action. We conclude that the bankruptcy court properly dismissed this case for lack of subject matter jurisdiction, and therefore affirm.

We have consistently confirmed that insurance policies owned by a debtor are property of the debtor's bankruptcy estate. *E.g., In re Equinox Oil Co.*, 300 F.3d 614, 618 (5th Cir. 2002). We have observed, however, that in some cases, the proceeds of the insurance policies are not property of the estate. We have annunciated the following test:

---

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-

The overriding question when determining whether [insurance] proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim. When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate.

*Id.* at 618-19 (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)).

We recently applied this test in *In re Equinox Oil Co.*, 300 F.3d 614 (5th Cir. 2002). In that case, the policies required the insurance company to release the proceeds of the insurance policies directly to the debtor corporation. We reasoned that, because the proceeds of the policies flowed directly to the debtor (and not to a third party), the proceeds were property of the bankruptcy estate. *See id.* at 619.

In this case, by contrast, the insurance policies do not require ANI to distribute the proceeds directly to the debtor. The insurance policies indicate that ANI must "pay on behalf of" the insured (*i.e.*, ARCO and B&W). This language suggests that ANI must release the proceeds of the policies to third parties. In other words, the proceeds of this liability policy inure to the benefit of plaintiffs claiming injury from ARCO and B&W's operations and for cost of defense. Because the proceeds will not flow directly to the debtor (B&W), we conclude that, under our reasoning in *Equinox*, the proceeds of the policies are not property of B&W's bankruptcy estate. Therefore, the bankruptcy court properly dismissed this case for lack of subject matter jurisdiction.

AFFIRMED.